GOODHUE, ADM'R, v. TEETSHORN, ADM'R.

1. **Mortgage Foreclosure**: USURY: EVIDENCE. Upon consideration of the evidence in this case, *held* that the defense of usury was established, and the decree of the district court to that effect is affirmed.

*Appeal from Winneshiek District Court.*

THURSDAY, DECEMBER 11.

ACTION TO FORECLOSE A MORTGAGE. Defense, usury. Trial to the court and judgment for the defendant. Plaintiff appeals.

*Baker Bros.*, for appellant.

No appearance for appellee.

SEEVERS, J.—The defendant claims that C. H. Teetshorn, deceased, borrowed money of Lyman Goodhue in 1870, and that he has paid more than the amount due, if the transaction was tainted with ursury. M. R. Farnsworth testified that he was acquainted with the parties, and that he made the loan in question as the agent of Goodhue. " The contract was, I was to furnish Teetshorn with a certain amount of money, and take his notes for $1,200. The amount of money was $1,200, less ten per cent. It was Lyman Goodhue's money, and the notes and mortgage were made payable to him. The notes were taken for $1,200, payable in three and five years, drawing ten per cent semi-annual interest. I furnished the money for Lyman Goodhue, as his agent, through the bank of Kimball & Farnsworth. They were to deliver to Teetshorn $1,080, and take his notes for $1,200, drawing ten per cent semi-annual interest. I can't say when the money was paid to Teetshorn, but think it was about July 25, 1870, by the bank, by my written order; it was a certificate of deposit in my name, indorsed by me. Teetshorn did not get any other considera-

tion through me, and I know of no other." This evidence clearly shows that Teetshorn received $1,080, and gave his notes for $1,200, drawing ten per cent interest. That such a transaction is usurious there cannot be any controversy. But it is said that it does not appear that Teetshorn did not get more than $1,080. The contract, however, was that he should only receive that amount, and he was given a certificate of deposit for such amount by the agent who made the contract for Goodhue. We think the only inference which can be drawn from the evidence is that Teetshorn only received $1,080.

The foregoing evidence is strengthened by that of Teetshorn, whose deposition was taken prior to his death. But it is insisted that such evidence is inadmissible, because the evidence related to personal transactions with the deceased, Lyman Goodhue. This point is well taken as to such transactions, but the witness also testified to transactions with Goodhue's agent, in the absence of the latter; such evidence we think admissible. It is insisted that the evidence of Farnsworth is not worthy of belief; that he was so contradicted as to render his evidence unworthy of credit. We are unable to so conclude. The court rendered a judgment against the defendant, and in favor of the state for the use of the school-fund, for a certain amount. Counsel for the plaintiff insist that the state was entitled to a larger amount. We do not think there is any reasonable ground of complaint in this respect.

AFFIRMED.